# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| USCOC OF GREATER MISSOURI, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 07-582-WDS |
| | ) | |
| CITY OF BELLEVILLE, ILLINOIS, | ) | |
| an Illinois political subdivision, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss and to strike (Doc. 13), to which plaintiff has filed a response (Doc. 16), and defendant a reply (Doc. 21). Defendant seeks to dismiss Counts VIII and IX of the complaint, and to strike paragraphs 32, 38, 47, and 57, as well as plaintiff's request for attorney fees. Subsequent to filing these motions, the parties stipulated to dismissal without prejudice of Counts IV through IX of the complaint (Doc. 27). Accordingly, the Court **DISMISSES** Counts IV through IX of the complaint. Because defendant's motion to dismiss and to strike (Doc. 13) addresses claims and allegations made in Counts IV through IX of the complaint, that motion is **DENIED** as moot.

Also before the Court is plaintiff's motion for partial summary judgment on Count I (Doc. 5), to which defendant has filed a response (Doc. 17), and plaintiff a reply (Doc. 19). Plaintiff asserts that defendant violated the Federal Telecommunications Act of 1996 (TCA) by denying plaintiff's special use permit application and its variance application without (1) providing its decision in writing and (2) basing its decision on substantial evidence and that it is

entitled to judgment as a matter of law on this claim. 47 U.S.C. § 332(c)(7)(B)(iii).[1]

## BACKGROUND

Plaintiff, a wireless telecommunications services provider, submitted permit applications to defendant for the purpose of erecting a telecommunications tower on land located at 4300 West Main Street in Belleville, Illinois. Defendant's Zoning Board of Appeals (ZBA) recommended that defendant's City Council (CC) deny plaintiff's application and the CC formally voted to deny the applications in July of 2007. Count I alleges that defendant violated 47 U.S.C. § 332(c)(7)(B)(iii) by failing to deny plaintiff's application in writing and without the support of substantial evidence.

## ANALYSIS

Plaintiff seeks partial summary judgment on Count I and argues that defendant violated the standards set forth in the TCA by denying plaintiff telecommunications tower permits. A district court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c): *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323).

---

[1] "Any decision by a State or local government or instrumentality thereof to deny a request to place construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

**I.     Denial "In Writing"**

Plaintiff argues that defendant failed to provide a denial "in writing" pursuant to 47 U.S.C. § 332(c)(7)(B)(iii). Although the Seventh Circuit has not yet determined what type of writing satisfies the statute, the Court finds persuasive the Fourth Circuit's "plain meaning" approach.[2] Applying the plain meaning approach to the facts in this case, the Court **FINDS** that the transcript from the ZBA hearing and the minutes from the CC meeting create a genuine issue of material fact as to whether defendant satisfied the in writing requirement of 47 U.S.C. § 332(c)(7)(B)(iii). Accordingly, plaintiff has not established that it is entitled to summary judgment on this issue, and the motion of this ground is **DENIED**.[3]

**II.    Denial Supported by Substantial Evidence**

In the alternative, plaintiff seeks summary judgment on Count I on the grounds that defendant's denials were not supported by substantial evidence. Plaintiff attacks the CC meeting minutes for not providing "any reasons" for defendant's denials, but this argument clearly

---

[2] Defendant maintains that at least two federal circuits disagree on what satisfies the "in writing" requirement. The Fourth Circuit has held that stamping the word "denied" on a zoning application satisfies the requirement. *AT&T Wireless PCS, Inc. v. City Council*, 155 F.3d 423, 429 (4th Cir. 1998) (holding that the condensed minutes from a city council meeting and the application displaying the word "denied" across it satisfied the statutory requirement). The Sixth Circuit, however, has held that the statute requires a separate written record containing an explanation of the denial. *New Par v. City of Saginaw*, 301 F.3d 390, 395-96 (6th Cir. 2002). District courts in the Seventh Circuit have followed the Fourth Circuit's plain meaning approach. *Primeco Personal Commc'ns, L.P. v. Village of Fox Lake*, 26 F. Supp.2d 1052, 1061-66 (N.D. Ill. 1998) (holding that a trustee's minutes documenting a denial of a special use application satisfied the "in writing" requirement, but concluding that the denial was not supported by substantial evidence); *Iowa Wireless Services, L.P. v. City of Moline*, 29 F. Supp.2d 915, 920-23 (C.D. Ill. 1998) (finding that a written memorial of a denial motion satisfied the "in writing" requirement, but that its refusal was not based on substantial evidence); *Helcher v. Dearborn County*, 2007 U.S. Dist. LEXIS 55779 (S.D. Ind. July 31, 2007) (stating that the county's minutes memorializing a permit denial satisfied the "in writing" requirement).

[3] Plaintiff argues that, even if defendant provided a written denial, doing so only after an applicant files suit in federal district court "precludes review of those decisions, contrary to Congressional intent." *Sprint Spectrum L.P. d/b/a Spring PCS v. County of St. Charles, Mo.*, 2005 U.S. Dist. LEXIS 43590 (E.D.Mo. 2005). The Court notes that the rationale for defendant's denials, as originally expressed during the ZBA hearing and the CC meeting, has been memorialized in defendant's transcript and minutes and is now before the Court for review, thus obviating plaintiff's concerns.

overlooks the evidence presented in the ZBA hearing transcript. The Court **FINDS** that the evidence presented in the transcript creates a genuine issue of material fact as to whether defendant's denial were supported by substantial evidence. Therefore, plaintiff has not established that it is entitled to summary judgment on this ground, and plaintiff's motion for summary judgment is **DENIED**.

## CONCLUSION

Upon review of the record, the Court **DISMISSES** without prejudice Counts IV through IX of the complaint, as the parties have stipulated to dismissal of those claims. Therefore, the Court **DENIES** defendant's motion to dismiss and to strike (Doc. 13) as moot. Finally, the Court **DENIES** plaintiff's motion for partial summary judgment (Doc. 5) on all grounds raised.

**IT IS SO ORDERED.**

**DATED: September 29, 2008.**

                                                  **s/ WILLIAM D. STIEHL**
                                                      **District Judge**